## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:07-CV-206-C ECF |
| STANLEY AUTOMOTIVE ENTER- PRISES, INC. | § § § | |
| Defendant. | § § | |

## MOTION TO ALTER OR AMEND ORDER DENYING DEFENDANT'S MOTION TO DISMISS , OR IN THE ALTERNATIVE TO SEPARATELY CERTIFY CASE FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. §1292(b), AND TO STAY PROCEEDINGS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Stanley Automotive Enterprises, Inc., Defendant in the above-entitled and numbered cause, and pursuant to 28 U.S.C. § 1292(b), files this Motion to Alter or Amend this Court's Order denying Defendant's Motion to Dismiss, or in the alternative, to Separately Certify Case for Interlocutory Appeal, and would respectfully show the Court as follows:

1.    This is a Title VII retaliation case.  Plaintiff asserts the Defendant violated 42 U.S.C. § 2000e-3(a) for firing Brian D. Smith after Smith allegedly encouraged two coworkers to file complaints against their employer pursuant to the employer's sexual harassment policy.

2.    On January 17, 2008, Defendant Stanley Automotive Enterprises, Inc. filed a Motion to Dismiss, asserting that Smith's encouragement is not protected activity under § 2000e-3(a) because its conduct did not constitute either "opposition" to an unlawful employment practice, nor "participation" in a Title VII proceeding.

3.     On April 18, 2008, the Court issued its Order denying the Defendant's Motion to Dismiss. The Court held that while Smith's conduct, as pled, suffices to constitute protected "opposition," it does not constitute protected "participation." The Court noted that the Fifth Circuit Court of Appeals has not squarely addressed these issues. Defendant files this Motion in order to allow for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

4.     28 U.S.C. § 1292(b) would allow an interlocutory appeal, at the discretion of the Fifth Circuit Court of Appeals, if this Court certifies in writing that the Order involves a controlling question of law to which there is a substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. See, e.g., Hartz v. Administrators of Tulane Educational Fund, 2007 WL 1232211 (D. La. April 25, 2007)(slip opinion).

5.     This case merits an interlocutory appeal under 28 U.S.C. §1292(b). First, the issue of protected "opposition" or "participation" under the facts pled by Plaintiff is a controlling question of law in this case. Plaintiff has alleged encouragement of coworkers to file internal sexual harassment complaints as the sole basis of "opposition" or "participation" under § 2000e-3(a). Second, there is a substantial ground for difference of opinion, as illustrated by the Court's discussion on the issue, prompted by the Court's observation that the Fifth Circuit has not squarely addressed the issue. (Order, pp. 3-10). Finally, an immediate appeal from the Order may materially advance the ultimate termination of litigation. Allowing the Fifth Circuit an opportunity to address this issue may save this Court and the parties substantial time and expense involved in conducting discovery, preparing dispositive motions and replies, and conducting trial and subsequent appeals.

6. For these reasons, Defendant requests this Court amend its Order of April 18, 2008, denying the Defendant's Motion to Dismiss to certify in writing that the Order involves a controlling question of law to which there is a substantial ground for difference of opinion, and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b) (indicating that the certification language be included in the order itself).

7. In the alternative, Defendant requests this Court issue a separate certification for appeal pursuant to 28 U.S.C. § 1292(b) on the issue of whether encouragement of coworkers to file internal complaints against their employer pursuant to the employer's sexual harassment policy constitutes either "opposition" to an unlawful employment practice, or "participation" in a Title VII proceeding. The relief requested will allow Defendant to proceed with the filing of an interlocutory appeal with the Fifth Circuit Court of Appeals within the time allowed under 28 U.S.C. § 1292(b).

8. In addition, Defendant requests that the Court enter an order staying all proceedings during pendency of an appeal under 28 U.S.C. § 1292(b).

9. Counsel for Defendant has conferred with counsel for Plaintiff on the filing of this Motion. Plaintiff is opposed to this Motion.

WHEREFORE, PREMISES CONSIDERED, Defendant Stanley Automotive Enterprises, Inc. respectfully requests this Court alter or amend its Order of April 18, 2008, denying Defendant Stanley Automotive Enterprises, Inc.'s Motion to Dismiss as set out above; or, in the alternative, separately certify the case for an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b). In addition, Defendant requests that an order be entered staying all proceedings during the pendency of an appeal under 28 U.S.C. § 1292(b). Defendant requests such other and further relief to which it may show itself to be justly entitled to receive.

Respectfully submitted,

**MOUNCE, GREEN, MYERS, SAFI & GALATZAN, P.C.**
A Professional Corporation
P.O. Box 1977
El Paso, Texas  79950
Telephone:  (915) 532-2000
Telecopier: (915) 541-154

By: _____
     Mark D. Dore
     State Bar No. 06000500

Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I, Mark D. Dore, certify on this the _24th_ day of April, 2008, a true and correct copy of the foregoing document was forwarded electronically to Leticia Dominguez, Trial Attorney, United States Equal Employment Opportunity Commission, El Paso Area Office, 300 E. Main, Suite 500, El Paso, Texas 79901.

_____
Mark D. Dore

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### LUBBOCK DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 5:07-CV-206-C** **ECF** |
| **STANLEY AUTOMOTIVE ENTER-PRISES, INC.** | § § § | |
| **Defendant.** | § § § | |

## ORDER GRANTING DEFENDANT'S MOTION TO ALTER OR AMEND ORDER ON DEFENDANT'S MOTION TO DISMISS AND TO STAY PROCEEDINGS FOR APPEAL PURSUANT TO 28 U.S.C.§1292(b)

On this day, came on to be considered the Motion of Defendant, Stanley Automotive Enterprises, Inc., to alter or amend this Court's Order of April 18, 2008, denying the Defendant's Motion to Dismiss (Docket #16), and to stay proceedings pending appeal pursuant to 28 U.S.C. §1292(b). The Court having considered the Motion finds it is well taken and should be GRANTED. The Court is of the opinion the following Order should be entered.

IT IS HEREBY ORDERED that this Court's Order dated April 18, 2008, denying Defendant's Motion to Dismiss, Section IV, is hereby amended as follows:

"For the reasons stated herein, Defendant's Motion to Dismiss is hereby DENIED.

The Court certifies that this Order involves a controlling question of law to which there is a substantial ground for difference of opinion, and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation."

7933-235/MDOR/923022.1

IT IS FURTHER ORDERED that all proceedings in this matter, including all deadlines mentioned in this Court's Order of November 26, 2007 (Docket # 7), are STAYED pending appeal of this Court's Order of April 18, 2008 (Docket #16). The Court will issue such further orders at the conclusion of this appeal.

SIGNED this _____ day of _____, 2008.


_____
HONORABLE SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE